## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD WATKINS, #203994, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0311-KD-MU |
| MS. BARBER, *et al.*, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff Gerald Watkins, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed this § 1983 action. His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R), and it is now before the undersigned for his failure to prosecute and to comply with the Court's order.

On March 1, 2018, the Court converted Defendant Corizon Health, Inc.'s answer and special report to a motion for summary judgment. (Doc. 24). In the order, the Court ordered Plaintiff to inform the Court by April 2, 2018 if he wanted to proceed with litigating his action. (*Id.* at 3). He was warned that his failure to respond would be treated by the Court as an abandonment of his action and his action would be dismissed. (*Id.*). Plaintiff's copy of the Court's order has not been returned to the Court, nor has the Court, to date, heard from Plaintiff since the order was entered. Plaintiff's copy of the order was sent to him at Holman Correctional Facility, which is the address he gave the Court and is where he is presently incarcerated according to the website for the Alabama Department of Corrections.

In light of Plaintiff failing to comply with the Court's order and to prosecute this action, and no activity having taken place in this action by Plaintiff since he filed the complaint on July 6, 2017 (Doc. 1), it appears that Plaintiff has abandoned the prosecution of his entire action. Considering this, it appears no purpose would be served by further attempting to serve Defendant Barber with process. (Doc. 9, 11).

Taking into account the alternatives available to the Court at this time and recognizing that Defendant Corizon expended its time and resources defending this action, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995) (same); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) (same); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983) (same); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same): *see also Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

Based upon the foregoing reasons, it is **RECOMMENDED** that this action be dismissed without prejudice for failure to prosecute and to comply with the Court's order.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **26th** day of **July, 2018**.

                                        s/ P. BRADLEY MURRAY
                                        **UNITED STATES MAGISTRATE JUDGE**